IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW MAUDER., | : | Civil No. 1:21-CV-0256 |
| Plaintiff, | : | |
| v. | : | |
| KATHY BRITTAIN, SUPERINTENDNET OF SCI–FRACKVILLE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Self-represented Plaintiff, Andrew Mauder, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 and asserts an Eighth Amendment failure to protect claim. (Doc. 1.) Plaintiff also seeks allowance to proceed *in forma pauperis* and the appointment of counsel. (Docs. 3, 6.) Based on Plaintiff's request to proceed *in forma pauperis*, the court is required to examine the complaint for legal sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the court will grant Plaintiff's motion to proceed *in forma pauperis*, but will dismiss the pleading without prejudice and grant Plaintiff leave to file a curative amended complaint.

### FACTUAL BACKGROUND

According to the allegations of the complaint, on August 20, 2020, Andrew Mauder ("Plaintiff" or "Mauder") was housed at the Frackville State Correctional

Institution ("SCI–Frackville") in Frackville, Pennsylvania. (Doc. 1.) On that day, prison staff alerted him that he would be moving from cell 23 of E block, B wing to cell 29, of E Block, B wing. (*Id.*, ¶¶ 10–11.) Mauder gave Sgt. John Doe and Corrections Officer ("CO") John Doe "several warnings" that he had a past "conflict" with the inmate in cell 29 and was not to be housed with that inmate. (*Id.*, ¶ 12.) Sgt. Doe and CO Doe ignored Mauder's cautionary statements and moved him into cell 29. "[A]fter 10–20 minutes," Sgt. Doe and CO Doe removed Mauder from cell 29. (*Id.*, ¶ 13.)

Mauder filed a grievance the following day. The Grievance Coordinator, Jennifer Newberry, granted the grievance in part and denied it in part. She said, "they did it, but wasn't giving [Plaintiff] compensation." (*Id.*, ¶ 14.) Superintendent Kathy Brittain denied Mauder's grievance appeal. (*Id.*, ¶ 15.) Mauder "informed" Lt. Newberry and Captain Reese of the incident and asked that any video footage of the incident be preserved. (*Id.*, ¶ 17.) Although not physically injured, Mauder suffered severe anxiety, anguish, and paranoia as a result of Sgt. Doe and CO Doe's deliberate indifference to the substantial risk of serious harm to his safety when housing him with an inmate that he repeatedly warned he had a "conflict" with due to a past "misconduct." (*Id.*, ¶ 20.) Plaintiff also claims Superintendent Brittain failed to properly train the John Doe Defendants. (*Id.*, ¶ 22.)

## JURISDICTION

Pursuant to 28 U.S.C. § 1331 this court has subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

Venue is proper in this district as the alleged acts and omissions giving rise to the complaint occurred at SCI-Frackville in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 1391(b)(2).

## STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b)(1)–(2). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Under Rule 12(b)(6), the court must accept all well pleaded allegations as

true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

**A. Failure to State a Claim against Defendants Brittain, Grievance Coordinator Newberry, Lt. Newberry, and Capt. Reese**

Plaintiff alleges that he has been deprived of certain constitutional rights in violation of 42 U.S.C. § 1983. Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United

4

States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). "[A] government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011). "[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiffs rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (the after the fact submission of a grievance is "simply insufficient"

to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley*, 957 F.3d at 374 (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode,* 845 F.2d 1208.

Mauder does not allege any facts in his complaint that suggest that Superintendent Brittain, Grievance Coordinator Newberry, Lt. Newberry or Capt. Reese had contemporaneous knowledge of his August 20, 2020 concerns of being housed with the inmate in cell 29, directed his transfer to that cell, or knew that others were moving him to cell 29. From a review of Mauder's complaint, it is clear that he seeks to impose liability on Superintendent Brittain and Grievance Coordinator Newberry based on their involvement in processing, reviewing, and responding to his grievance concerning the events of August 20, 2020. This is not a viable claim. *See Dooley*, 957 F.3d at 374.

Also, with respect to Superintendent Brittain, Mauder has not adequately plead a "failure to train" claim against her. "[T]he inadequacy of … training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [inadequately trained subordinates] come into contact." *City of Canton v. Harris*, 489 U.S. 378,

388 (1989). Additionally, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). In the absence of such a pattern, a plaintiff must show that the harm suffered was "*so* predictable that failure to train the [subordinate] amounted to *conscious disregard*" for plaintiff's rights. *Id.* at 71 (emphasis in original). However, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Here, Mauder fails to allege that Superintendent Brittain was on notice that her training program insufficiently prepared the John Doe staff members on how to respond to an inmate's concerns when being housed with another inmate. He also does not allege a pattern of alleged constitutional violations occurring at SCI–Frackville due to similar training failures as the one he experienced on August 20, 2020. Instead he makes a conclusory assertion that Sgt. Doe and CO Doe's actions were due to a failed training policy. As such, he fails to state a failure to train claim against Superintendent Brittain.

Finally, Mauer's claim that he informed Lt. Newberry and Capt. Reese of the incident after it occurred does not demonstrate their personal involvement in the decision to place him in cell 29 despite his security concerns. Accordingly,

Mauer fails to allege the personal involvement of Superintendent Brittain, Grievance Coordinator Newberry, Lt. Newberry, or Capt. Reese in the events of August 20, 2020. Additionally, his failure to train claim against Superintendent Brittain will be dismissed.

### B. Eighth Amendment Failure to Protect Claim Against Sgt. Doe and CO Doe

To state a cognizable Eighth Amendment failure to protect claim, a plaintiff must demonstrate that: (1) he was incarcerated under conditions posing substantial risk of serious harm; (2) the official was deliberately indifferent to that substantial risk; and (3) the official's deliberate indifference caused his harm. *Proctor v. James*, 811 F. App'x 125, 128 (3d Cir. 2020); *Farmer*, 511 U.S. at 834; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" of such harm. *Farmer*, 511 U.S. at 837. Nevertheless, not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment. *Id.* at 834.

Clearly, Mauder states a viable Eighth Amendment failure to protect claim against Sgt. Doe and CO Doe for the events of August 20, 2020 concerning his placement in cell 29 with an inmate whom he had expressed conflict with. With

that said, whether his claim will ultimately be successful is left to be seen.

However, because Mauder fails to identify these individuals, the court cannot properly serve them. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendants not served within 90 days following the filing of the complaint may be subject to dismissal. Therefore, Mauder will be given 90 days to provide the names of his John Doe Defendants.

**C. Leave to Amend**

The court will dismiss Mauder's complaint against all named Defendants due to his failure to state a claim against them for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Mauder may be able to cure the defects identified in this memorandum, the court will grant Mauder leave to file an amended complaint. If Mauder decides to file an amended complaint, he must clearly label the document "Amended Complaint." It must bear the docket number assigned to this case (Civ. No. 1:21-CV-0256) and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[1] In addition, any amended complaint filed by Mauder supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete

---

[1] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

If Mauder fails to file an amended complaint on the court's form within 21 days, and in compliance with the court's instructions, this matter will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, Plaintiff is reminded of his ongoing obligation to advise the court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as abandonment of the lawsuit resulting in the dismissal of the action.

## Conclusion

For the above reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court will dismiss Mauder's complaint. Mauder will be granted leave to file an amended complaint. An appropriate order will issue.

Dated: May 5, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania